995 F.2d 1063
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Allen Y. KIMBLE, Jr., Plaintiff-Appellant,
v.
HOLMES & NARVER SERVICES, INCORPORATED, a subsidiary of
Holmes & Narver, Incorporated, a member of Ashland
Technology Corporation; Kenneth E.
McDonald; Alan Esser,
Defendants-Appellees.
 No. 92-1904.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 5, 1993.
Decided: June 17, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Henry C. Morgan, Jr., District Judge. (CA-91-125-4)
 Patricia W. Fromal, Patricia W. Fromal, ESQ., P.C., Newport News, Virginia, for Appellant.
 William E. Rachels, Jr., William F. Furr, Willcox & Savage, Norfolk, Virginia; Margaret M. Zwisler, Howrey & Simon, Washington, D.C., for Appellees.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Allen Y. Kimble, Jr., appeals from the order of the district court adopting the report of the magistrate judge and dismissing Kimble's action under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e through 2000e-6 (West 1981 & Supp. 1992), for lack of subject matter jurisdiction. We affirm.
 
 
 2
 Kimble was hired by Boeing Services International to monitor fire and security alarm systems at Incirlik Air Force Base in Adana, Turkey. Boeing Services International provided services to the United States Department of Defense pursuant to a contract. When the contract came up for renewal it was awarded to another bidder, Holmes & Narver Services, Inc. ("HNSI"). Though his employment was continued by HNSI, Kimble was given a lower rank and reduced salary. Kimble was ultimately discharged by HNSI.
 
 
 3
 Kimble pursued an administrative claim of race discrimination before the EEOC, which found in Kimble's favor. When conciliation proved unsuccessful, the EEOC issued a right to sue letter and Kimble timely filed the present complaint. Defendants moved to dismiss, arguing that Title VII did not apply extraterritorially and therefore the court lacked subject matter jurisdiction. The case was referred to a magistrate judge who issued a report concluding that subject matter jurisdiction was lacking. Kimble filed timely objections, and after de novo review the district court adopted the magistrate judge's report and denied relief. Kimble filed a timely notice of appeal.
 
 
 4
 This Court reviews the dismissal of a complaint for lack of subject matter jurisdiction de novo. See American Principals Leasing Corp. v. United States, 904 F.2d 477, 480 (9th Cir. 1990).
 
 
 5
 In EEOC v. Arabian American Oil Co., 59 U.S.L.W. 4225 (U.S. 1991) ("Aramco "), the Court held that Title VII did not apply extraterritorially to protect American nationals working overseas. Congress responded to this decision in the Civil Rights Act of 1991, Pub. L. No. 102-166, § 109, 105 Stat. 1078 (1991) (amending 42 U.S.C. § 2000e(f)), which specifically extended the application of Title VII overseas. However, § 109(c) explicitly stated that the amendments contained in § 109 were not to apply to conduct occurring before the date of enactment (November 21, 1991). Because the conduct at issue in the present appeal occurred well before the enactment of the amendments to § 2000e(f), the Aramco decision is determinative of this appeal.
 
 
 6
 Kimble contends that the decision in Vermilya-Brown Co. v. Connell, 335 U.S. 377 (1948) (Fair Labor Standards Act ("FLSA") applied to United States military base on Bermuda because base qualified as a "possession" under the language of the Act), creates an exception allowing Title VII to apply to American citizens employed on United States military bases overseas. However, even assuming that the decision in Vermilya-Brown remains authoritative in light of subsequent amendments to the FLSA designed to reverse the decision in Vermilya-Brown, we agree with the district court that the treaty between the United States and Turkey governing Incirlik renders Vermilya-Brown distinguishable.
 
 
 7
 Kimble's alternative contention that the requirements of Title VII were applicable to HNSI because it was under contract with the Department of Defense is similarly unavailing. The contract between HNSI and the Department of Defense contained a clause specifically waiving the applicability of Title VII to employees, such as Kimble, recruited outside the United States.
 
 
 8
 Accordingly, we affirm the district court's decision that it lacked subject matter jurisdiction over this action. Because subject matter jurisdiction was lacking, we need not address Kimble's additional contentions concerning personal jurisdiction and failure to transfer the case to another district. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED